IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

TAMERA E. INGRAM,

    Plaintiff,

v.                                                                                                   Case No. 2:21-cv-02034-MSN-cgc

CITY OF MEMPHIS POLICE
DEPARTMENT ET AL.,

    Defendants.
_____

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND
ORDER DISMISSING CASE**
_____

Before the Court is the Magistrate Judge's Report and Recommendation, ("Report") entered on April 23, 2021.  (ECF No. 7) The Report recommends that Plaintiff's action be dismissed for failure to state a claim. (*Id.* at PageID 21.)  Plaintiff had fourteen days to submit any objections she may have to the Report.  (*Id.* at PageID 22.)  Fourteen days have passed, and Plaintiff has not submitted any objections to the Report.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or

recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Magistrate Judge issued her Report on April 23, 2021. (ECF No. 7.) Plaintiff had fourteen days to submit her objections to the Report, making the deadline to do so May 7, 2021. (*Id.* at PageID 23.) To date, Plaintiff has failed to submit any objections to the Report's findings. The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **ADOPTS** the Report and **DISMISSES** with prejudice Plaintiff's Complaint.

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith.  The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  *Id.*  The same considerations that lead this Court to dismiss Plaintiff's Complaint also compel this Court to conclude that an appeal by Plaintiff would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiff in this matter would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 12th day of May 2021.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE